UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

AUGUSTUS FENNERTY, IV,

                Plaintiff,

v.

DEPARTMENT OF THE ARMY, CORPS OF
ENGINEERS, LIEUTENANT GENERAL
THOMAS P. BOSTICK, DIRECTOR, and
DEPARTMENT OF THE ARMY, JOHN N.
MCHUGH, SECRETARY,

                Defendants.

6:14-cv-48-TC

ORDER

COFFIN, Magistrate Judge:

Plaintiff brings this action seeking the disclosure and release of records held by defendant, Department of the Army, Corps of Engineers, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

Plaintiff is an employee of the Federal Bureau of Investigation (FBI). Plaintiff divorced Erin Fennerty in 2010. Corps employee Erik Peterson began dating Erin Fennerty in 2011 and the two married in September of that year. A custody dispute between plaintiff and Erin Fennerty arose in 2012. Peterson states he had several interactions with plaintiff that caused him concern about his

Page 1 - ORDER

safety and the safety of Erin Fennerty. Peterson also states that plaintiff made inquiries about him to friends and co-workers.

Peterson spoke with his friend Jim Herald, an attorney for the Corps, about how to address the situation in order to avoid disruption in the workplace. Peterson provided his factual account to Herald and Herald provided his opinion. Herald contacted the U.S. Attorney's office for advice and contact information for the Bureau office where plaintiff worked. Peterson and Herald prepared a memorandum about Peterson's interactions with plaintiff and a complaint was made to the FBI.

Plaintiff alleges that he became aware that e-mails had been exchanged between his former wife and Peterson, using the Corps' e-mail accounts and computers. Plaintiff further alleges that these e-mails are germane to issues surrounding his dissolution of marriage and to the purportedly unfounded complaint made to his employer. Accordingly, on January 3, 2012, plaintiff submitted a FOIA request seeking:

> a. All emails from the Corps' email account of erik.s.petersen@usace.army.mil sent to and/or received from mick_fennertty@hotmail.com between 1/1/2011 and 12/31/2011.
>
> b. All text messages sent from the cell phone that was issued to Mr. Petersen by the Corps to phone number 541.554.3587 between 1/1/2011 and 12/31/2011.
>
> c. All emails sent to and/or received from erik.s.petersen@usace.army.mil and e_fennerty@hotmail.com between 1/1/2011 and 12/31/2011.
>
> d. All text messages sent from the cell phone that was issued to Mr. Petersen by the Corps to phone number 703.499.2124 between 1/1/2011 and 12/31/2011.
>
> e. All photographs on the cell phone that was issued to Mr. Petersen by the Corps depicting Augustus Fennerty, Erin Fennerty, or their two children.
>
> f. All emails between erik.s.petersen@usace.army.mil and efennerty@luvaascobb.com between 1/1/2011 and 12/1/2011.

Page 2 - ORDER

  g. All emails sent or received from erik.s.petersen@usace.army.mil, between 1/1/2011 and 12/1/2011, that refers to Augustus or Mick Fennerty, Erin Fennerty, or their two children.

  h. All emails sent from and/or received by any employee of the Corps' Portland District Office using a Corps' email account, and/or any other email address, that refers to Augustus or Mick Fennerty, Erin Fennerty, or their two children.

First Amended Complaint (#9) at p. 6.

  On February 28, 2012, plaintiff submitted another FOIA request seeking:

  a. All emails sent or received between erik.s.petersen@usace.army.mil and efennerty@luvaascobb.com between 1/1/2011 and 1/15/2012.

  b. All emails sent or received between erik.s.petersen@usace.army.mil and e_fennerty@hotmail.com between 1/1/2011 and 1/15/2012.

First Amended Complaint (#9) at p. 7

  FOIA makes virtually every document generated by an agency available to the public in one form or another, unless it falls within one of the Act's nine exemptions. N. L. R. B. v. Sears, Roebuck & Co., 421 U.S. 132, 136 (1975). Among the exceptions are exemption 5 ("inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency") and exemption 6 ("personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"). 5 U.S.C. § 552(b)(3)(5) and (6).

  Except for three documents found related to the requests, the Corps withheld the documents asserting they were not agency records subject to FOIA. As to the other three documents, they were withheld under exemption 6 to FOIA. Six of the documents withheld as non-agency records were also withheld under exemption 5 based on a purported attorney and client privilege. Plaintiff asserts that the documents are subject to disclosure and that no exemption applies. Both parties seek

summary judgment.

The burden of proving that the subject documents are properly withheld is on the defendant. See U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991) (FOIA's strong presumption in favor of disclosure means that an agency that invokes an exemption bears the burden of demonstrating that a document was properly withheld). FOIA cases are generally resolved through summary judgment where the court determines whether the government agency has provided an adequate factual basis for withholding documents. See, e.g. Lion Raisins v. U.S. Dept. of Agriculture, 354 F.3d 1072, 1078 (9th Cir. 2004) (FOIA cases require determination of whether a particular set of documents gives an adequate factual basis for decision which is a question of law). A court may rely solely on government affidavits "so long as the affiants are knowledgeable about the information sought and the affidavits are detailed enough to allow the court to make an independent assessment of the government's claim." Id. at 1079. "If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption,'the district court need look no further.' " Lewis v. IRS, 823 F.2d 375, 378 (9th Cir. 1987) (quoting Church of Scientology of Calif. v. Dep't of the Army, 611 F.2d 738, 742 (9th Cir. 1979)). The court may review the disputed documents in camera if the affidavits are too generalized. Id. However, in camera inspection should not be resorted to lightly. Church of Scientology, 611 F.2d at 743.

Defendants in this case have provided declarations from Erik Peterson and deputy district counsel for the Corps, Jennifer Richman. Included in the Corps' submissions are a Vaughn index with a description of the documents withheld and justification for withholding them. See Exhibit 4 to the Declaration of Jennifer Richman (#15-4). The majority of the documents are e-mails from/to Erik Peterson from/to Erin Fennerty about strictly personal issues such as travel and wedding

plans. Some documents are e-mails about health care benefits. Some e-mails pertain to Peterson's encounters with plaintiff outside of the office and concerns the encounters raised. Additionally, there are e-mails regarding handling those interactions and addressing concerns to the FBI and U.S. Attorney's office.

The office in which Peterson works has a policy allowing use of government computers for limited personal use pursuant to Army regulations. See Exhibits 5 and 6 to the Declaration of Jennifer Richman (#s15-5, 15-6) In addition, the Army defines "agency record" under FOIA as

> The products of data compilation, such as all books, papers, maps, and photographs, machine readable materials or other documentary materials, regardless of physical form or characteristics, made or received by an agency of the United States Government under Federal law in connection with the transaction of public business and in DoD's possession and control at the time the FOIA request is made.

Exhibit 7 to the Declaration of Jennifer Richman (#15-7) at p. 3. And the Army excludes from this definition, among other things,

> Personal records of an individual not subject to agency creation or retention requirements, created and maintained primarily for the convenience an agency employee, and not distributed to other agency employees for their official use.

Id.

Except for the documents related to health benefits, defendants withheld disclosure because the e-mails were not placed in official Corps files and were not distributed to anyone to conduct Corps business.[1] In addition to withholding these documents as non-agency records, defendants withheld six documents under exemption 5 (memos not available by law) based on attorney-client privilege. To the extent any documents could be considered agency records, defendants assert

---

[1] Plaintiff concedes that three documents related to health insurance benefits were properly excluded under exemption 6 (personal and medical files).

Page 5 - ORDER

exemption 6 applies as they would constitute a "clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6) (excludes "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy").

To qualify as an agency record, the agency must create or obtain the record and the agency must be in control of the record. U.S. Dept. of Justice v. Tax Analysts, 492 U.S. 136, 144-45 (1989). An agency controls documents that have come into its possession in the legitimate conduct of its business, but an agency does not control "personal materials in an employee's possession, even though the materials may be physically located at the agency." Id. at 145.

A review of the Vaughn index reveals that the records still at issue do not qualify as agency records because they are electronic records of communications of a personal nature in Petersen's possession that are merely located on the Corps' computers. In determining control, the court considers:

> (1) the intent of the document's creator to retain or relinquish control over the records; (2) the ability of the agency to use and dispose of the record as it sees fit; (3) the extent to which agency personnel have read or relied upon the document; and (4) the degree to which the document was integrated into the agency's record system or files.

Judicial Watch, Inc. v. Federal Housing Finance Agency, 646 F.3d 924, 926-27 (D.C.Cir. 2011) (quoting Burka v. U.S. Dep't of Health & Human Servs., 87 F.3d 508, 515 (D.C.Cir. 1996).

> In deciding whether an agency controls a document its employees created, we have consistently found that "use is the decisive factor." .... Consumer Fed'n of Am., 455 F.3d at 288; see also Gallant v. NLRB, 26 F.3d 168, 172 (D.C.Cir. 1994) (holding that **an agency official's personal correspondence was not subject to FOIA in part because of a "lack of reliance on the correspondence to carry out the business of the agency"**); Bureau of Nat'l Affairs, Inc. v. U.S. Dep't of Justice, 742 F.2d 1484, 1490 (D.C.Cir.1984) (observing that where a document is created by an agency employee and located at the agency, "use of the document becomes more important in determining the status of the document under FOIA")....

Page 6 - ORDER

Id. at 927-28 (emphasis added).

The record demonstrates that with respect to the all documents other than those related to health benefits, the e-mails were personal to Peterson and he intended to maintain control over the records. The e-mails were not intended to be used by the Corps to carry out its business. Nor were the e-mails integrated into official files or records. Although Peterson did not have an expectation of privacy over the e-mails and shared them with other agency employees, such expectations and conduct does not convert the e-mails concerning personal matters into agency records.

Even though some e-mails about the encounters with plaintiff were shared with Corps counsel in an effort to avoid work place disruption, the court is satisfied that the e-mails did not sufficiently relate to Corps business. Peterson intended to maintain control over the documents strictly for use to resolve a personal matter with involving confrontations outside the workplace. A lack of privacy does not equate to a lack of control. Peterson states that the e-mails and photos have nothing to do with his job or the business of the Corps and that because he is allowed to use Corps' computers for personal e-mails, he intended to retain control. Indeed, Peterson and the other authors of the documents were are free to dispose of the documents at any time without violating the Corps' policies.

Moreover, even if the requested records could be construed as agency records, exemption 6 states that FOIA does not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In determining whether this exemption applies to the records at issue, the court must balance the privacy interest protected by the exemptions against the public interest in government openness that would be served by disclosure. See Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 171

Page 7 - ORDER

(2004). There is no public interest beyond the interest of an individual related to his custody dispute and possible disciplinary matters with his employer. But "the only relevant public interest in the FOIA balancing analysis is the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." Bibles v. Or. Natural Desert Ass'n, 519 U.S. 355, 355-56 (1997). Where there are relevant privacy interests at stake, plaintiff must demonstrate that the interest served by disclosure "is a significant one, an interest more specific than having the information for its own sake," and that disclosure is likely to advance that interest. National Archives and Records Admin. v. Favish, 541 U.S. 157, 172 (2004). To the extent there is any public interest at all the requested records, it is outweighed by Petersen's privacy interest in personal and, for the most part, family matters. Accordingly, the agency properly withheld all requested documents pursuant to exemption 6 to the extent any could be considered agency records.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment (#14) is granted, plaintiff's motion for summary judgment (#25) is denied and this action is dismissed.

DATED this 26 day of January 2015

THOMAS M. COFFIN
United States Magistrate Judge